UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILVERSTRAND INVESTMENTS, SAFRON CAPITAL CORPORATION, and BRIARWOOD INVESTMENTS, INC., On Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>AMAG PHARMACEUTICALS, INC., BRIAN J.G. PEREIRA, M.D, DAVID A. ARKOWITZ, JOSEPH V. BONVENTRE, M.D., MICHAEL NARACHI, ROBERT J. PEREZ, LESLEY RUSSELL, M.D., DAVEY S. SCOON, RON ZWANZIGER, MORGAN STANLEY CO. INCORPORATED, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS CO., LEERINK SWANN LLC, ROBERT W. BAIRD CO. INCORPORATED, and CANACCORD GENUITY INC.,<br><br>          Defendants. | C.A. No.  10-CV-10470-NMG |

**EXHIBIT A-1**

**NOTICE OF PROPOSED SETTLEMENT**

***If you purchased or acquired AMAG Pharmaceuticals, Inc. ("AMAG" or the "Company")[1] common stock pursuant and/or traceable to AMAG's Registration Statement filed with the SEC, No. 333-164400, dated January 19, 2010 and the accompanying Prospectus dated January 21, 2010 issued in connection with the secondary offering conducted on or about January 21, 2010 (the "Offering") and are not otherwise excluded from the Settlement Class (see Question 6 below), you could get a payment from a class action settlement.***

A federal court authorized this Notice.  This is not a solicitation from a lawyer.  Your legal rights may be affected whether you act or don't act.  Read this Notice carefully.

<u>SUMMARY OF KEY PROVISIONS AND REASONS FOR SETTLEMENT</u>

**Security and Time Period**:  Purchases of AMAG Common Stock (symbol "AMAG") pursuant and/or traceable to the January 21, 2010 Offering.

**Settlement Fund:**  $3,750,000 in cash plus any interest earned.  Your recovery will depend on the timing of your purchases of AMAG Common Stock pursuant and/or traceable to the January 21, 2010 Offering.  Based on the information currently available to Lead Plaintiffs and the analysis performed by its damages consultants, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share of common stock will be approximately $1.31 before deduction of Court-approved fees and expenses, including the cost of notifying Members of the Settlement Class and settlement administration, any attorneys' fees and expenses awarded by the Court to counsel for the Lead Plaintiffs and any award of expenses to Lead Plaintiffs for their representation of the Settlement Class.  Historically, actual claims rates are less than 100%, which result in

---

[1]  This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of September 12, 2014 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.  The Stipulation can be obtained at Amagsecuritiessettlement.com.

higher distributions per share.  A Settlement Class Member's actual recovery will be a *pro rata* share of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Settlement Class Members who submit valid Proof of Claim and Release forms ("Proofs of Claim").

**Reasons for Settlement:**  This case has been litigated since March 2010.  The Lead Plaintiffs and Lead Counsel believe that the Settlement provides the Settlement Class with a substantial benefit now, in lieu of engaging in years of further litigation – including summary judgment motions, a contested trial and likely appeals – with the risk of no recovery at all, after years of continued litigation.

Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Nonetheless, Defendants have concluded that further conduct of the Action could be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Parties' Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action.

Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on the part of any of the Defendants.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in loss to either side at summary judgment, trial or on appeal.  The two sides vigorously

disagree on both liability and the amount of money that could have been won if Lead Plaintiffs prevailed at trial. The Parties disagree about, among other things: (1) the method for determining whether the price of AMAG Common Stock was artificially inflated during the relevant period; (2) whether there was any such inflation and the amount of any such alleged inflation; (3) whether there was any wrongdoing on the part of Defendants; (4) the extent that various facts alleged by Lead Plaintiffs influenced the trading price of AMAG Common Stock purchased pursuant and/or traceable to the January 21, 2010 Offering; and (5) whether statements appearing in AMAG's Registration Statement and Prospectus were material, false, misleading or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Lead Counsel will ask the Court for attorneys' fees of up to 30% of the Settlement Fund and expenses not to exceed $75,000, to be paid from the Settlement Fund plus interest. Lead Plaintiffs may also apply for its expenses in representing the Settlement Class, and an incentive award, not to exceed $5,000. Lead Counsel have not received any payment for their work over the past four years investigating the facts, prosecuting this Action, and negotiating this Settlement on behalf of the Lead Plaintiffs and the Settlement Class. If the above amounts are requested and approved by the Court, the average cost per damaged share of AMAG Common Stock will be approximately $0.43 per damaged share.

**Summary of Key Deadlines:**

Submit Claim: _____, 2014

Request Exclusion: _____, 2014

File Objection: _____, 2014

**Court Hearing on Fairness of Settlement:** _____, 2014

**More Information:**   www._____.com or

|  |  |
|---|---|
| Claims Administrator: | Representative of Lead Plaintiffs' counsel: |
| AMAG Pharmaceuticals Securities | Ian D. Berg |
| Litigation | ABRAHAM, FRUCHTER & |
| c/o Angeion Group | TWERSKY LLP |
| 1801 Market Street, Suite 660 | 12526 High Bluff Dr., Suite 300 |
| Philadelphia, PA 19103 | San Diego, CA 92130 |
| (800) 247-8644 | (858) 792-3448 |

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**SUBMIT A PROOF OF CLAIM FORM**

If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, the only way to get a payment is to submit a Proof of Claim form.  You may submit a Proof of Claim form and still object to any aspect of the Settlement, the request for an award of attorneys' fees and expenses and/or the Plan of Allocation.  If you submit a Proof of Claim form, you give up your right to participate in another lawsuit against the Defendants and their Related Parties for the legal claims in this case.  *See* Answer to Question 12 for a more detailed description of what you are giving up if you submit a Proof of Claim form.

**EXCLUDE YOURSELF**     Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants and their Related Parties for the legal claims being released in this case.

**OBJECT**     If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you may write to the Court if you do not like the Settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.  If you submit an objection to the Settlement, Plan of Allocation or the request for an award of attorneys' fees and expenses and do not submit a claim form seeking payment from the Settlement proceeds, you will not get a payment and your objection may be rejected because you would not have an interest in the Settlement.

**GO TO A HEARING**     Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the hearing on _____.  You may ask to speak in Court about the fairness of the Settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.

**DO NOTHING**     If you do nothing, you will not receive any payment, will not be allowed to object to the Settlement and will give up your right to participate in another lawsuit against the Defendants and their Related Parties for the legal claims in this case.  *See* Answer to Question 12 for a more detailed description of what you are giving up if you do nothing.

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.      Why did I get this notice package?

You or someone in your family may have purchased AMAG Common Stock pursuant and/or traceable to the January 21, 2010 Offering.

The Court directed that you be sent this Notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves it and after any objections or appeals (if any) are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *Silverstrand Investments, et al. v. AMAG Pharmaceuticals, Inc. et al.*, Civil Action No. 10-CV-10470-NMG.  The entities that lead the Action, Silverstrand Investments, Safron Capital Corporation, and Briarwood Investments, Inc., are called the Lead Plaintiffs and the companies and individuals they sued are called Defendants.

**2.      What is this lawsuit about?**

This Action alleges that AMAG, certain of its executives, and a group of underwriters violated the federal securities laws by omitting material facts from the Registration Statement and Prospectus AMAG filed with the Securities and Exchange Commission in connection with the January 21, 2010 Offering, including facts necessary to make the statements therein not misleading.  These allegedly omitted facts primarily relate to severe adverse events reported by patients who received AMAG's pharmaceutical drug, *Feraheme*.  The Action alleges that as a result of the alleged omissions, Lead Plaintiffs purchased securities whose true value was less than their purchase price.

Defendants deny all of Lead Plaintiffs' allegations and further deny that they did anything wrong.

**3.      Why is this a class action?**

In a class action, one or more people called class representatives (in this case, Lead Plaintiffs Silverstrand Investments, Safron Capital Corporation, and Briarwood Investments, Inc.), sue on behalf of people who have similar claims.  All of these people and/or entities are called a class or class members.  One judge – in this case, United States District Court Judge Nathaniel M. Gorton – resolves the issues for all class members, except for those who exclude themselves from the class.

**4.      Why is there a Settlement?**

The Court did not decide in favor of the Lead Plaintiffs or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a Settlement that they believe is in the best interests of their respective clients.  The Settlement was reached with the

assistance of an experienced mediator.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Settlement Class Members to be compensated without further delay. The Lead Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.  The Defendants have concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Action.

## WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 5.      How do I know if I am a Settlement Class Member?

The Settlement Class includes ***all Persons who purchased or acquired AMAG Common Stock pursuant and/or traceable to the January 21, 2010 Offering***.

### 6.      Are there exceptions to being included in the Settlement Class?

Yes.  Excluded from the Settlement Class are the Defendants, members of the immediate family of each of the Defendants, any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a majority interest or which is related or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person, provided that the Settlement Class shall not exclude (i) AMAG Common Stock held by or at any Defendant, or by or at any of its affiliates, in a fiduciary capacity or otherwise

on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the definition of Settlement Class; or (ii) any Investment Vehicle. Also excluded from the Settlement Class are those Persons who validly and timely request exclusion from the Settlement Class pursuant to this Notice.

**7.     I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help.  You can call the Claims Administrator at (800) 247-8644 or visit www.AMAGsecuritiessettlement.com for more information; or, you can call the offices of the Lead Counsel, Abraham, Fruchter & Twersky, LLP, at (858) 792-3448. for more information; or, you can fill out and return the Proof of Claim described in Question 10 to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**8.     What does the Settlement provide?**

AMAG has agreed to pay or cause to be paid $3,750,000 in cash (the "Settlement Fund") on behalf of all Defendants.  The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid Proofs of Claim ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses and the expenses of Lead Plaintiffs, the costs of notifying Settlement Class Members, including the costs of printing and mailing this Notice; the cost of publishing newspaper notice; the costs of claims administration; and taxes on the Settlement Fund.

### 9.      How much will my payment be?

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Settlement Class Members send in, how many shares of AMAG Common Stock you purchased or acquired during the relevant period, and when you bought and sold them.

You can calculate your recognized claim in accordance with the formula shown below in the Plan of Allocation.  In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A "Claim" will be calculated as follows:

For all purchasers of common stock of AMAG ("Common Stock") pursuant or traceable to the Company's Registration Statement filed with the SEC, No. 333-164400, dated January 19, 2010, in connection with the secondary offering conducted on or about January 21, 2010:

A.    For shares held at the end of trading on March 18, 2010, the Recognized Loss shall be that number of shares multiplied by $8.40.

B.    For shares sold between January 21, 2010 and March 18, 2010, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)    $8.40; or

(2)    the difference between $45.00 per share and the sales

price per share.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Lead Plaintiffs, any Plaintiffs' counsel, the Claims Administrator or other Person designated by Lead Plaintiffs' counsel, or against Defendants, the Related Parties and/or the Released Persons based on distributions made pursuant to the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any order and/or judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM FORM

**10.     How will I get a payment?**

To qualify for a payment, you must be an eligible Settlement Class Member, send in a valid Proof of Claim form by the specified deadline, and properly document your claim as requested in the Proof of Claim form.  A Proof of Claim is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

**11.      When would I get my payment?**

The Court will hold a hearing on _____, 2014, at ____ _.m., to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proof of Claim forms to be processed.  If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months to a year after the Final Approval hearing, but it could also take substantially longer.  Please be patient.

**12.      What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants and their Related Parties about the same issues in this case or about issues that could have been asserted in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims, including Unknown Claims, in this case against Defendants and their Related Parties.

"Released Claims" means any and all claims, debts, demands, obligations, disputes, rights, issues, controversies, causes of action, suits, matters, damages, or liabilities of every kind, nature, description and character whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether under federal,

state, local, or foreign law, or statutory, common, or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, whether or not concealed or hidden (including, but not limited to, claims for securities fraud, negligence, gross negligence, professional negligence, breach of any duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, breach of contract, unjust enrichment, corporate waste, or violations of any statutes, rules, duties or regulations) that have been or could have been or in the future could be asserted in any forum, whether foreign or domestic, by Lead Plaintiffs or any Settlement Class Member, or any Person claiming through or on behalf of them, against any of the Released Persons that in any way arise out of, are based upon, relate to, or concern, directly or indirectly, in whole or in part, (i) the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions or failures to act alleged, set forth, referred to, or involved in the Action (or which could have been raised in the Action with respect to such claims, allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions or failures to act) or any of the complaints filed or proposed to be filed therein, and (ii) the holding, ownership, purchase, acquisition, disposition, or sale of, or other transaction in AMAG Common Stock pursuant and/or traceable to the Offering, including, without limitation, any claims arising out of, or relating to, the Registration Statement and Prospectus, sales literature, financial statements, press releases, public filings, or other public disclosures made or

issued by the Defendants in connection with the Offering.  Released Claims do not include claims to enforce the Settlement.

 "Related Parties" means each of a Defendant's past or present direct or indirect parents, direct or indirect affiliates and subsidiaries, and each of their respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or his or her family.

"Released Persons" means each and all of the Defendants and their Related Parties.

"Unknown Claims" means any and all claims, debts, demands, obligations, disputes, rights, issues, controversies, causes of action, suits, matters, damages, or liabilities of every kind, nature, description and character whatsoever which Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at or after the time he, she or it enters into the Stipulation, or at or after the release of the Released Persons (pursuant to the terms of the Stipulation) which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decisions with respect to the Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive and

relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs and/or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver and inclusion of Unknown Claims in the definition of Released Claims were separately bargained for and are key elements of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants and their Related Parties on your own about the same issues in this case, then you must take steps to get out of the Settlement Class.  This is called "excluding yourself" or is sometimes referred to as "opting out" of the Settlement Class.

### 13.    How do I get out of the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *Silverstrand Investments, et al. v. AMAG Pharmaceuticals, Inc. et al.*, Civil Action No. 10-CV-10470-NMG.  You must include your name, address, telephone number, your signature, the number of shares of AMAG Common Stock that you purchased pursuant and/or traceable to the January 21, 2010 Offering, the dates of such purchases, and the prices paid per share for each purchase.  To request exclusion from the Settlement Class, you must deliver a written request for exclusion no later than _____.  The exclusion request should be delivered to the Claims Administrator and Lead Counsel at the addresses all counsel listed below:

*Claims Administrator:*

AMAG Pharmaceuticals Securities Litigation
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

*Lead Counsel*:

Abraham, Fruchter & Twersky, LLP
Ian D. Berg
12526 High Bluff Drive, Suite 300
San Diego, CA 92130

You cannot exclude yourself on the phone or by e-mail.  If you request exclusion from the Settlement Class, you will not be required to waive or release any claims against Defendants and their Related Parties, you will not receive any payment or other benefit in the Settlement, and you will not be bound by the terms of the Settlement or any other order that may be entered by the Court in the Action.

**14.      If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Defendants and their Related Parties for the claims that this Settlement resolves.  Remember, the exclusion deadline is _____, 2014.

**15.      If I exclude myself, can I get money from this Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim to ask for any money.  Once you exclude yourself, you will receive no payment even if you also submit a Proof of Claim.

**THE LAWYERS REPRESENTING YOU**

**16.      Do I have a lawyer in this case?**

The Court appointed the law firm of Abraham, Fruchter & Twersky, LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  These lawyers will apply to the Court for payment of their attorneys' fees and expenses from the Settlement Fund; you have not been and will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.     How will the lawyers be paid?

At the fairness hearing, Lead Counsel will request the Court to award attorneys' fees of up to 30% of the Settlement Fund and expenses not to exceed $75,000, which were incurred in connection with the Action.   Lead Plaintiffs may also apply for fees and reimbursement of their expenses in representing the Settlement Class, and an incentive award of up to $5,000.   If awarded in full, the total fees and costs deducted from the Settlement Fund would be approximately $1,215,000.00, or $0.43 per damaged share. This compensation will be paid from the Settlement Fund.   Settlement Class Members are not personally liable for any such fees or expenses.   To date, Lead Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiffs and the Settlement Class, nor have they been reimbursed for their expenses. The fees and expenses requested will compensate Lead Counsel for their work in achieving the Settlement Fund and are within the range of fees and expenses awarded to class counsel under similar circumstances in other cases of this type.   The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you have concerns or do not agree with the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses.

### 18.     How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member (and you have not excluded yourself), you can object to the Settlement, Lead Counsel's request for attorneys' fees and expenses, Lead Plaintiffs' request for expenses or the Plan of Allocation.   You can give reasons

why you think the Court should not approve the Settlement, Lead Counsel's request for attorneys' fees and expenses, Lead Plaintiffs' request for expenses, or the Plan of Allocation.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlement in *Silverstrand Investments, et al. v. AMAG Pharmaceuticals, Inc. et al.*, Civil Action No. 10-CV-10470-NMG.  Be sure to include your name, address, telephone number, your signature, the number of shares of AMAG Common Stock you purchased pursuant and/or traceable to the January 21, 2010 Offering and the reasons you object.  Any such objection must be mailed or delivered such that it is received by all of the following no later than _____, 2014:

*Court*:

Clerk of the Court
United States District Court
District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02110


*Lead Counsel*:

Abraham, Fruchter & Twersky, LLP
Ian D. Berg
12526 High Bluff Drive, Suite 300
San Diego, CA 92130

*AMAG Defendants' Attorneys*:

Cooley LLP
Robert B. Lovett
500 Boylston Street
Boston, MA 02116


*Underwriter Defendants' Attorneys:*


Willkie Farr & Gallagher LLP
Sameer Advani

787 Seventh Avenue
New York, New York 10019

**19.     What is the difference between objecting and excluding myself from the Settlement?**

Objecting is telling the Court that you do not like something about the proposed Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend, but you do not have to.

**20.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing at ___ .m. on _____, 2014, at the United States District Court, District of Massachusetts, 1 Courthouse Way, Courtroom 4, Boston, MA 02110.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate to all Settlement Class Members.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court will also decide whether to approve the payment of fees and expenses to Lead Counsel, Lead Plaintiffs' expenses and the Plan of Allocation.  We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

**21.     Do I have to come to the hearing?**

No.  Lead Counsel will answer questions Judge Gorton may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.

**22.     May I speak at the hearing?**

Only Settlement Class Members who have filed and delivered valid and timely written notices of objection and requested an opportunity to speak will be entitled to be heard at the hearing on _____.    To do so, you must send a letter saying that it is your intention to appear in *Silverstrand Investments, et al. v. AMAG Pharmaceuticals, Inc. et al.*, Civil Action No. 10-CV-10470-NMG.  Be sure to include your name, address, telephone number, your signature, and the number of AMAG Common Stock purchased pursuant and/or traceable to the January 21, 2010 Offering.  Your notice of intention to appear must be received no later than _____, 2014 by the Clerk of the Court and the Parties' counsel at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

**23.     What happens if I do nothing at all?**

If you do nothing, you will get no money from this Settlement, you will not be allowed to object to the Settlement and you will give up your right to participate in another lawsuit against the Defendants and their Related Parties about the same legal issues in this case.

## GETTING MORE INFORMATION

**24.     Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.   More details are in the Stipulation dated September 12, 2014, which has been filed with the Court.  You can get a copy of the Stipulation from the Clerk's office at the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, MA 02110, during regular business hours, or at www.AMAGsecuritiessettlement.com, or you can contact a representative of Lead Counsel at the number and address below in the answer to Question 25.

**25.     How do I get more information?**

For more information about the Settlement or the Action, you can call (858) 792-3448 or write to a representative of Lead Plaintiffs' counsel, Ian D. Berg, Abraham, Fruchter & Twersky, LLP, 12526 High Bluff Drive, Suite 300, San Diego, CA 92130, or visit the Claims Administrator's website at www.AMAGsecuritiessettlement.com. ***Please do not call the Court or the Clerk of the Court for additional information about the Settlement***.

**26.     Special notice to banks, brokers, and other nominees**

If you hold any AMAG Common Stock purchased pursuant and/or traceable to the January 21, 2010 Offering, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*In re Silverstrand Inv. v. AMAG Pharm.*
Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.


DATED: _____, 2014          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            DISTRICT OF MASSACHUSETTS



108144776 v12/NAACTIVE