UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILVERSTRAND INVESTMENTS, SAFRON CAPITAL CORPORATION, and BRIARWOOD INVESTMENTS, INC., On Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br> v.<br><br>AMAG PHARMACEUTICALS, INC., BRIAN J.G. PEREIRA, M.D, DAVID A. ARKOWITZ, JOSEPH V. BONVENTRE, M.D., MICHAEL NARACHI, ROBERT J. PEREZ, LESLEY RUSSELL, M.D., DAVEY S. SCOON, RON ZWANZIGER, MORGAN STANLEY CO. INCORPORATED, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS CO., LEERINK SWANN LLC, ROBERT W. BAIRD CO. INCORPORATED, and CANACCORD GENUITY INC.,<br><br>    Defendants. | C.A. No.  10-CV-10470-NMG |

**[PROPOSED] FINAL ORDER APPROVING THE SETTLEMENT
AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated October 2, 2014, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of September 12, 2014 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      All capitalized terms used in this Final Order Approving the Settlement and Order of Dismissal with Prejudice ("Final Order") shall have the meanings set forth below in paragraph 20 of this Final Order.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Lead Plaintiffs, Defendants, and all Members of the Settlement Class.

3.      The Court hereby finally certifies, under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as: "all Persons who purchased the common stock of AMAG Pharmaceuticals, Inc. ("AMAG") pursuant and/or traceable to AMAG's Registration Statement filed with the SEC, No. 333-164400, dated January 19, 2010 and the accompanying Prospectus dated January 21, 2010 issued in connection with the secondary offering conducted on or about January 21, 2010.  Excluded from the Settlement Class are the Defendants, members of the immediate family of each of the Defendants, any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a majority interest or which is related or affiliated with any of the Defendants, and the legal representatives,

agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person, provided that the Settlement Class shall not exclude (i) AMAG Common Stock held by or at any Defendant, or by or at any of its affiliates, in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the definition of Settlement Class; or (ii) any Investment Vehicle.  Also excluded from the Settlement Class are those Persons who validly and timely requested exclusion from the Settlement Class in the manner and by the deadline specified in the Notice provided to Settlement Class Members and in the Court's Preliminary Approval Order.

4. With respect to the Settlement Class, this Court finds for purposes of effectuating this settlement only that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the Action of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate to all Settlement Class

Members.  The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

6. The Action and all Released Claims are hereby **DISMISSED** in their entirety **WITH PREJUDICE**.

7. The Settling Parties shall bear their own costs, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date, the Lead Plaintiffs, and each and every Settlement Class Member and any Person claiming through or on behalf of any of them shall be deemed to have, and by operation of this Final Order and accompanying Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Settlement Class Member shares in the Settlement Fund.

9. Upon the Effective Date, each and every Settlement Class Member and any Person claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute, either directly or in any other capacity, any action or other proceeding asserting any of the Released Claims against any of the Released Persons.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Settlement Class Members and Lead

Plaintiffs' counsel, from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

11. The form and manner of the Notice of Proposed Settlement of Class Action given to the Settlement Class are hereby determined to have: (a) constituted the best practicable notice under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort, (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and nature of the Action, of the effect of the Stipulation, including the releases provided for therein, of their right to object to the proposed Settlement, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing, and (c) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause) Section 21D(a)(7) of the Securities Exchange Act of 1995, the Rules of the Court, and any other applicable law.

12. Every Settlement Class Member who did not validly exclude himself, herself or itself from the Settlement as provided in the Preliminary Approval Order and Stipulation are bound by the Final Order herein.

13. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' Fee and Expense Application shall in no way disturb or affect this Final Order and shall be considered separate from this Final Order.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the

validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties, or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Parties may file the Stipulation and/or this Final Order in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.   No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Persons with respect to: (a) any act, omission or determination of Lead Plaintiffs' counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the escrow account; (f) any application for, or award of, attorney fees and expenses to Lead Plaintiffs' counsel, or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction for a period of one year from the date of this Final Order over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Final Order (including its certification of the Settlement Class) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. In addition to terms defined elsewhere in this Final Order, the following terms used herein shall have the meanings specified below:

20.1 "Action" means the securities class action styled *Silverstrand Investments et al. v. AMAG Pharmaceuticals, Inc. et al.*, Civil Action No. 10-CV-10470-NMG.

20.2 "AMAG" means AMAG Pharmaceuticals, Inc. and any of its predecessors, successors, direct or indirect parents, direct or indirect subsidiaries, divisions, or affiliates.

20.3 "AMAG Defendants" means AMAG Pharmaceuticals, Inc., Dr. Brian J.G. Pereira, David A. Arkowitz, Dr. Joseph V. Bonventre, Michael Narachi, Robert J. Perez, Lesley Russell, M.D., Davey S. Scoon, Ron Zwanziger.

20.4 "Claims Administrator" means Angeion Group.

20.5 "Defendants" means the AMAG Defendants and Underwriter Defendants, collectively.

20.6 "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

20.7 "Fee and Expense Application" means an application or applications for distributions to them from the Settlement Fund for: (a) an award of reasonable attorneys' fees; plus (b) expenses incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court; and reimbursement of the expenses of Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).

20.8 "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor but of which any Defendant alone or together with any of its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

20.9   "Judgment" means the judgment rendered by the Court on _____.

20.10  "Lead Plaintiffs" means Silverstrand Investments, Safron Capital Corporation, and Briarwood Investments, Inc.

20.11  "Net Settlement Fund" means the Settlement Fund less (i) any Court awarded attorneys' fees, costs, and expenses; (ii) any Notice and Administration Costs; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

20.12  "Notice and Administration Costs" means the reasonable costs and expenses that are actually incurred in connection with (i) providing notice of the Settlement to the Settlement Class; (ii) locating Settlement Class Members; (ii) assisting with the filing of claims; (iv) administering and distributing the Net Settlement Fund to Authorized Claimants; (v) processing Proof of Claim and Release forms; (vi) and paying escrow fees and costs, if any.

20.13  "Offering" means the secondary offering conducted by AMAG on or about January 21, 2010.

20.14  "Party" or "Parties" means individually or collectively, as the context requires, Lead Plaintiffs and the Defendants.

20.15  "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal, business or political entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

20.16  "Plan of Allocation" means a plan or formula for allocation of the Net Settlement Fund to be approved by the Court, which plan or formula will govern the distribution of the Net Settlement Fund to Authorized Claimants.  Any Plan of Allocation is not part of the

Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto. Any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Final Order and Judgment or any other orders entered by the Court pursuant to the Stipulation.

20.17 "Preliminary Approval Order" means the order entered on October 2, 2014.

20.18 "Proof of Claim" means a Proof of Claim and Release form.

20.19 "Released Claims" means any and all claims, debts, demands, obligations, disputes, rights, issues, controversies, causes of action, suits, matters, damages, or liabilities of every kind, nature, description and character whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether under federal, state, local, or foreign law, or statutory, common, or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, whether or not concealed or hidden (including, but not limited to, claims for securities fraud, negligence, gross negligence, professional negligence, breach of any duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, breach of contract, unjust enrichment, corporate waste, or violations of any statutes, rules, duties or regulations) that have been or could have been or in the future could be asserted in any forum,

whether foreign or domestic, by Lead Plaintiffs or any Settlement Class Member, or any Person claiming through or on behalf of them, against any of the Released Persons that in any way arise out of, are based upon, relate to, or concern, directly or indirectly, in whole or in part, (i) the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions or failures to act alleged, set forth, referred to, or involved in the Action (or which could have been raised in the Action with respect to such claims, allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions or failures to act) or any of the complaints filed or proposed to be filed therein, and (ii) the holding, ownership, purchase, acquisition, disposition, or sale of, or other transaction in AMAG Common Stock pursuant and/or traceable to the Offering, including, without limitation, any claims arising out of, or relating to, the Registration Statement and Prospectus, sales literature, financial statements, press releases, public filings, or other public disclosures made or issued by the Defendants in connection with the Offering. Released Claims do not include claims to enforce the Settlement.

20.20 "Released Persons" means each and all of the Defendants and their Related Parties.

20.21 "Related Parties" means each of a Defendant's past or present direct or indirect parents, direct or indirect affiliates and subsidiaries, and each of their respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any

Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or his or her family.

20.22   "Settlement" means the settlement on the terms set forth in the Stipulation of Settlement.

20.23   "Settlement Amount" means Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000) in cash to be paid by check to the Claims Administrator pursuant to ¶2.1 of the Stipulation.

20.24   "Settlement Class" means all Persons who purchased AMAG Common Stock pursuant and/or traceable to the January 21, 2010 Offering.  Excluded from this definition are the Defendants, members of the immediate family of each of the Defendants, any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a majority interest or which is related or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person, provided that the Settlement Class shall not exclude (i) AMAG Common Stock held by or at any Defendant, or by or at any of its affiliates, in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the definition of Settlement Class; or (ii) any Investment Vehicle.  Also excluded from the Settlement Class are those Persons who validly and timely request exclusion from the Settlement Class pursuant to the terms of the Stipulation and its related Exhibits.

20.25   "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶20.24 above.

20.26 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

20.27 "Settlement Hearing" means the hearing held before this Court on January 30, 2015.

20.28 "Settling Party" or "Settling Parties" means collectively or individually, as the context requires, Defendants and Lead Plaintiffs on behalf of themselves and all Members of the Settlement Class.

20.29 "Stipulation" means the Stipulation of Settlement dated as of September 12, 2014.

20.30 "Taxes" means all federal, state and local taxes of any kind (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned on the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes.

20.31 "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and costs and expenses relating to filing (or failing to file) the returns described in ¶2.7 of the Stipulation.

20.32 "Underwriter Defendants" means Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co., Leerink Partners LLC, Robert W. Baird & Co. Incorporated, and Canaccord Genuity Inc.

20.33 "Unknown Claims" means any and all claims, debts, demands, obligations, disputes, rights, issues, controversies, causes of action, suits, matters, damages, or liabilities of every kind, nature, description and character whatsoever which Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at or after the time he, she or it enters into the Stipulation, or at or after the release of the Released Persons (pursuant to the terms of the Stipulation) which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decisions with respect to this Settlement.  With respect to any and all Released Claims, upon the Effective Date, Lead Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs and/or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver and inclusion of Unknown Claims in the definition of Released Claims were separately bargained for and are key elements of the Settlement of which this release is a part.

IT IS SO ORDERED.

DATED: _____        _____
                                                                THE HONORABLE NATHANIEL M. GORTON
                                                                UNITED STATES DISTRICT JUDGE

108158096 v13/NAACTIVE