# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILVERSTRAND INVESTMENTS, SAFRON CAPITAL CORPORATION AND BRIARWOOD INVESTMENTS, INC., On Behalf of Themselves And All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>  v.<br><br>AMAG PHARMACEUTICALS, INC., DR. BRIAN J.G. PEREIRA, DAVID A. ARKOWITZ, JOSEPH V. BONVENTRE, M.D., MICHAEL NARACHI, ROBERT J. PEREZ, LESLEY RUSSELL, M.D., DAVEY S. SCOON, RON ZWANZIGER, MORGAN STANLEY CO. INCORPORATED, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS CO., LEERINK SWANN LLC, ROBERT W. BAIRD CO. INCORPORATED, and CANACCORD GENUITY INC.,<br><br>             Defendants. | C.A. No. 10-CV-10470-NMG<br><br>CLASS ACTION |

**LEAD PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND AND INCORPORATED MEMORANDUM OF LAW**

Lead Plaintiffs Silverstrand Investments, Safron Capital Corporation, and Briarwood Investments, Inc. (collectively, "Lead Plaintiffs"), respectfully move the Court for an Order: (i) approving the administrative determinations of the Claims Administrator, Angeion Group ("Claims Administrator" or "Angeion"), concerning the acceptance and rejection of Claims submitted with respect to the Net Settlement Fund in this class action; (ii) directing distribution of the Net Settlement Fund to Settlement Class Members whose Proofs of Claim have been accepted; (iii) authorizing destruction of paper copies of Proof of Claim forms and all supporting documentation one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (iv) for such other and further relief as this Court deems appropriate.

## MEMORANDUM OF LAW

Lead Plaintiffs submit this Memorandum of Law pursuant to the Stipulation of Settlement entered into on September 12, 2014 ("Settlement Agreement") [Dkt. 151] (*see* ¶¶2.3, 2.4, 5.4, 10.13).[1] By Order dated January 30, 2015 ("Final Order") [Dkt. 170], this Court approved the Settlement and directed the parties to consummate the Settlement Agreement in accordance with its terms and provisions. The Effective Date of the Settlement has occurred and the Claims Administrator has completed the processing of Claims submitted in the Action. Accordingly, Lead Plaintiffs now seek approval of the distribution of the Net Settlement Fund to authorized claimants as determined by the Claims Administrator.[2]

---

[1] All terms used herein shall have the same meanings as set forth in the Settlement Agreement and are incorporated herein.

[2] The Declaration of Brian Manigault of the Claims Administrator Angeion ("Manigault Decl.") is submitted herewith.

## BACKGROUND

The Settlement Agreement provided for the settlement of this action on behalf of a class consisting of all persons or entities who purchased AMAG Common Stock pursuant and/or traceable to the January 21, 2010 Offering (the "Settlement Class").[3] The Court authorized the retention of Angeion, a firm specializing in the administration of class action settlements, to print and mail copies of the Settlement Notice and the Proof of Claim form to members of the Class, process the Proof of Claim forms submitted by Class members, and to effectuate the distribution of the Net Settlement Fund to the Class members who submitted acceptable Proofs of Claim. The Settlement Notice was mailed to all Class Members pursuant to the order preliminarily approving the Settlement and providing for notice (the "Preliminary Approval Order") on October 31, 2014 [Dkt. 154].  A summary notice of the Settlement was also published in the *Investor's Business Daily* and over the *PR Newswire*. The Notice and Proof of Claim form, and the Stipulation, as well as information regarding the claims administration and how to file a claim, were posted on the website created for this Settlement. *See* Manigault Decl., ¶7.

On January 30, 2015, the Court held a Fairness Hearing to consider the proposed settlement, after which the Court issued the Final Order, approving the Settlement as fair, reasonable, and adequate, and dismissing the action.  The Claims Administrator has now completed the thorough claims processing and quality assurance review of the submitted claim forms (*see* Manigault Decl., ¶¶12-19), and is ready to issue the *pro rata* distributions to accepted claimants in accordance with the Plan of Allocation.

---

[3] Excluded from the Class are the Defendants, members of the immediate family of each of the Defendants, any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a majority interest or which is related or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, provided that the Settlement Class shall not exclude (i) AMAG Common Stock held by or at any Defendant, or by or at any of its affiliates, in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the definition of Settlement Class; or (ii) any Investment Vehicle.  Settlement Agreement, ¶1.34.

## DETERMINATION OF AUTHORIZED CLAIMS
## AND REQUEST FOR DISTRIBUTION

Lead Plaintiffs respectfully request that the Court approve the administrative determinations of the Claims Administrator concerning the acceptance and rejection of claims submitted with respect to the Net Settlement Fund and direct distribution of the Net Settlement Fund to Settlement Class Members whose Proofs of Claim have been accepted. *See* Manigault Decl., Ex. C.

Under the terms of the Settlement Agreement, a Settlement Fund with a principal of $3,750,000 was established for the benefit of the Class for the settlement of this action. All Class Members wishing to participate in the Net Settlement Fund were required to submit Proofs of Claim by mail, postmarked no later than December 30, 2014, to the Claims Administrator. Manigault Decl. ¶9. The Claims Administrator's processing procedures and the basis of the proposed distribution are described in the accompanying Manigault Decl., ¶¶12-19. As shown therein, Angeion performed a thorough review of each claim submitted, including sending follow-up letters to claimants concerning deficiencies or rejections, and allowed reasonable time for claimants to provide requested information or contest rejection. Where a claimant failed to cure a deficiency, or where the claim showed that the claimant was not entitled to receive a share of the Net Settlement Fund, Angeion notified the claimant of the rejection of the claim or that they had no recognized loss. *Id*., ¶¶26-27.

No claim has been rejected solely because it was postmarked and received after the initial submission deadline and Lead Counsel and Angeion believe that, when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the deadline, but while all claims were still being

processed.[4]  Accordingly, Lead Counsel respectfully requests that the Court approve the administrative determination to accept claims submitted after the December 30, 2014 deadline. However, there must be a final cut-off date after which no more claims may be accepted so that there may be a proportional distribution of the Net Settlement Fund.  Accordingly, it is also respectfully requested that this Court order that any late claims not identified in Exhibit C to the Manigault Declaration shall not be entitled to share in any distributions of the Net Settlement Fund.  *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 329 (3d Cir. 2001) ("There is no question that in the distribution of a large class settlement fund, a cutoff date is essential and at some point the matter must be terminated.") (Internal citations omitted).

To allow for the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the claims' processing, or involved in the administration or taxation of the Settlement Fund be released and discharged from any and all claims arising from such involvement beyond the amount paid or allocated to them.  Accordingly, Lead Plaintiffs respectfully request that the Court bar any such claims and release and discharge all such persons involved in the administration or taxation of the Settlement Fund.

## **RECORD RETENTION AND DESTRUCTION**

Lead Counsel additionally requests that Angeion be permitted to destroy paper copies of claim forms and records one (1) year after the distribution of the Net Settlement Fund, and

---

[4] *See* Manigault Decl. ¶¶22-23.  It is well settled that a district court has discretion to allow late claims to a settlement fund.  *See In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 126 (S.D.N.Y. 2009) ("The determination whether to allow the participation of late claimants in a class action settlement is essentially an equitable decision within the discretion of the court…") (quoting *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 843 (E.D.N.Y. 1995)).  Moreover, "there is an implicit recognition that late claims should ordinarily be considered in the administration of a settlement."  *In re Authentidate Holdings Corp. Sec. Litig.*, No. 05 Civ. 5323(LTS), 2013 U.S. Dist. LEXIS 11815, at *5 (S.D.N.Y. Jan. 25, 2013) (quoting *Crazy Eddie*, 906 F. Supp. at 845).

electronic copies of claim forms and records three (3) years after the distribution of the Net Settlement Fund.  *See* Manigault Decl., ¶31.

## **CONCLUSION**

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court enter the Order Authorizing Distribution of the Class Settlement Fund submitted herewith.

Dated: November 17, 2016                        Respectfully submitted,

ABRAHAM, FRUCHTER & TWERSKY, LLP

/s/      *Ian D. Berg*
Ian D. Berg (admitted *pro hac vice*)
Takeo A. Kellar (admitted *pro hac vice*)
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (858)764-2580
Fax: (858)764-2582
*iberg@aftlaw.com*
*tkellar@aftlaw.com*

-and-

Jack G. Fruchter (admitted *pro hac vice*)
Mitchell M.Z. Twersky (admitted *pro hac vice*)
Lawrence D. Levit (admitted *pro hac vice*)
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

*Counsel for Lead Plaintiffs*

PYLE, ROME, EHRENBERG PC
Betsy L. Ehrenberg (BBO #554628)
2 Liberty Square, 10th Floor
Boston, MA 02109
Tel: 617.367.7200
Fax: 617.367.4820
*behrenberg@pylerome.com*

*Liaison Counsel for Lead Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Ian D. Berg, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 17, 2016.

/s/ *Ian D. Berg*
Ian D. Berg