UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILVERSTRAND INVESTMENTS, SAFRON CAPITAL CORPORATION AND BRIARWOOD INVESTMENTS, INC., On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAG PHARMACEUTICALS, INC., DR. BRIAN J.G. PEREIRA, DAVID A. ARKOWITZ, JOSEPH V. BONVENTRE, M.D., MICHAEL NARACHI, ROBERT J. PEREZ, LESLEY RUSSELL, M.D., DAVEY S. SCOON, RON ZWANZIGER, MORGAN STANLEY CO. INCORPORATED, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS CO., LEERINK SWANN LLC, ROBERT W. BAIRD CO. INCORPORATED, and CANACCORD GENUITY INC.,<br><br>Defendants. | C.A. No. 10-CV-10470-NMG<br><br>CLASS ACTION |

### [PROPOSED] ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS**, on January 30, 2015, this Court entered an Order approving the terms of the Stipulation of Settlement dated September 12, 2014 (the "Settlement Agreement") and the Plan of Allocation; and

**WHEREAS**, this Court has retained jurisdiction of the above-captioned action (the "Action") for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proof of Claim forms and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon consideration of Lead Plaintiffs' Motion for Distribution of Class Settlement Fund and the Declaration of Brian Manigault ("Manigault Declaration") of the

Angeion Group (the "Claims Administrator"), and upon all prior proceedings herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Manigault Declaration, including claims submitted after December 30, 2014, are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Manigault Declaration are hereby rejected; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth in the Settlement Agreement (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Manigault Declaration pursuant to the terms of the Settlement Agreement and Plan of Allocation previously approved by this Court; and it is further

**ORDERED**, that in order to encourage Authorized Claimants to cash their distribution checks promptly and to avoid or reduce future expenses relating to unpaid distribution checks, the payments to be distributed to the authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION 180 DAYS AFTER ISSUE DATE." Authorized Claimants who do not cash their distribution checks with the time allotted shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be made available to be re-distributed to other Authorized Claimants in any subsequent distributions; and it is further

**ORDERED**, that, if economically feasible, any funds remaining in the Net Settlement Fund six months after the initial distribution shall be allocated in a second distribution the Authorized Claimants who have cashed their checks from the initial distribution, or that, if a second distribution is not economically feasible, the balance of the Net Settlement Fund shall be donated to one or more secular Section 501(c)(3) organization(s) in accordance with the Settlement Agreement (¶5.8); and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order; and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

**IT IS SO ORDERED.**

_Sept. 21_, 2016                                            _Nathaniel M. Gorton_
                                                                          THE HONORABLE NATHANIEL M. GORTON
                                                                          UNITED STATES DISTRICT JUDGE